# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| STEVE DAVIS., <br><br> Plaintiff, <br><br> v. <br><br> ACORN STAIRLIFTS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:19-cv-02300 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Steve Davis ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Acorn Starlifts, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas, Defendant conducts business in the Northern District of Texas, and significant portion of the events or omissions giving rise to this cause of action took place in Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a limited liability company whose principal place of business is 7001 Lake Ellenor Drive, Orlando, Florida 32809.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On or around March 8, 2015, Plaintiff began receiving phone calls from Defendant to his cellular phone number (817) XXX-8365.

8. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8365. Plaintiff is and has always been financially responsible for the cellular phone and its services.

9. Plaintiff did not know why he was receiving phone calls from Defendant, as he never had a business relationship with Defendant.

10. Immediately after the calls began, Plaintiff answered a phone call from Defendant. During this call, Plaintiff asked Defendant to stop contacting him.

11. Plaintiff has answered several calls from Defendant, and on each call, Plaintiff has asked Defendant to stop contacting him.

12. On or around September 11, 2019, Plaintiff placed a phone call to Defendant to inquire as to how Defendant obtained his phone number. During this call, Plaintiff spoke with a representative of Defendant representative named Vernon. Vernon informed Plaintiff that an

online inquiry was submitted, requesting information about Acorn Stairlifts. Plaintiff was perplexed, as he never submitted an inquiry to Acorn Stairlifts, as he lives in an apartment and cannot install a stair lift. Plaintiff then requested the calls stop.

13. After this call, Defendant continued to place calls to Plaintiff's cellular phone.

14. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

16. Plaintiff has received copious amounts of unwanted phone calls from Defendant between 2015 to present day.

17. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

18. The phone number that Defendant most often uses to contact Plaintiff is (866) 214-8430, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's phone.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted telephone solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

26. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

27. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

28. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between 2015 and the present day, using an ATDS without his consent.

29. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

30. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

31. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

32. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

33. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff STEVE DAVIS respectfully prays this Honorable Court for the following relief:
a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 27, 2019						Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com