UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STEVE DAVIS, | § | |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-02300-X |
| | § | |
| ACORN STAIRLIFTS, INC. | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

This case arose from alleged violations of the Telephone Consumer Protection Act. After Steve Davis voluntarily dismissed his complaint with prejudice, Acorn Stairlifts, Inc. filed a Motion for Attorney Fees and Costs [Doc. No. 28]. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for attorney fees and costs.

### I. Factual Background

Davis sued Acorn Stairlifts under the Telephone Consumer Protection Act, alleging that he received hundreds of unsolicited phone calls from a phone number associated with the company. Believing that a scam operation may have copied or "spoofed" their phone number, Acorn initiated an investigation with the help of AT&T, U.S. Telecom, the Federal Communications Commission, and the Federal Trade Commission. The investigation found that no calls from Acorn's phone number were made to Davis's phone. An internal AT&T code is included in an individual's phone records for some calls. To the unknowing, this code might make it appear that

1

many calls were received from a single phone number. And on Davis's phone records, a commonly appearing code happened to correlate with Acorn's phone number.

Acorn sent a summary of the investigation results to Davis's lawyer. Because the summary lacked supporting attestations or affidavits, Davis's lawyer questioned the veracity of the results and issued a reduced settlement offer. Acorn then prepared and served a motion for Rule 11 sanctions and worked to obtain affidavits to corroborate the investigation results. After receiving these affidavits, and on the last day in the Rule 11 safe harbor, Davis's counsel communicated that he was recommending voluntary dismissal of the case. And ultimately, Davis voluntarily dismissed his complaint with prejudice.

## II. Legal Standards

Federal Rule of Civil Procedure 54(d)(1) establishes that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1]

29 U.S.C. § 1927 establishes that an attorney or individual "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[2] Court's themselves also posses inherent authority to award attorneys fees in response to bad faith litigation conduct.[3]

## III. Analysis

---

[1] FED. R. CIV. P. 54(d)(1).
[2] 29 U.S.C. § 1927.
[3] *Chambers v. Nasco, Inc.*, 501 U.S. 32, 54 (1991).

2

*1. Court Costs*

Acorn asks the Court to award its court costs. Rule 54(d)(1) establishes that court costs, absent another rule or statute to the contrary, should be awarded to the prevailing party.[4] Additionally, the Fifth Circuit has held that the "the prevailing party is prima facie entitled to costs."[5] Here, Davis dismissed the case with prejudice, which is akin to an adjudication on the merits.[6] And Davis did not dispute that Acorn was the prevailing party in this case, or that the Federal Rules entitle it to receive its court costs. Accordingly, the Court **GRANTS IN PART** the motion and awards Acorn its court costs in the amount of $485.45.[7]

*2. Attorney Fees*

Acorn also asks the Court to award it $44,006 in attorneys fees. Davis did not dispute the amount of fees or their reasonableness. The only issue for the Court to decide is whether Acorn may recover fees under the circumstances of this case.

Although it points to discrete aspects of the case where it believes Davis and his lawyer unreasonably multiplied or extended the judicial proceedings, Acorn's main contention is that Davis should have never filed this lawsuit in the first place. Specifically, Acorn accuses Davis and his lawyer of introducing "baseless filings"[8]

---

[4] FED. R. CIV. P. 54(d)(1).

[5] *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

[6] *Id.* at 129.

[7] *See* Doc. No. 28, Attachment 2 (listing $485.45 as Acorn Stairlifts's court costs).

[8] *Id.* at 16.

"with no factual or evidentiary support"[9] in "an attempt to extort Acorn."[10] Although heavy with accusations of fraudulent conduct, Acorn's arguments do not demonstrate entitlement to attorney fees. The facts do not per se demonstrate that Davis unreasonably multiplied these proceedings. Davis dismissed his case within the Rule 11 safe harbor and immediately after receiving affidavits supporting the veracity of the phone records investigation results. So, Davis's litigation conduct does not fit squarely into the conduct section 1927 makes sanctionable. And even under the Court's inherent power to sanction litigants, it is not clear that Davis or his lawyer exhibited the "bad faith" required. The investigation report itself notes that the AT&T internal code, which frequently appeared in Davis's phone records, coincidentally correlated with Acorn's phone number, making it appear to the unknowing that Acorn's number placed calls to Davis's phone.[11] This is at least as consistent with an honest mistake as it could be with bad faith.

Acorn's litigation conduct is telling here as well. If Davis's complaint was truly filed in bad faith and was so lacking in factual or evidentiary support that it was clearly an attempt to extort Acorn for a settlement, then Acorn could have filed a motion to dismiss challenging the sufficiency of the pleadings. But it did not file any

---

[9] *Id.* at 17.

[10] *Id.* at 14.

[11] Doc. No. 28, Attachment 6 at 2 ("What was recently uncovered thru this investigation is to say the least, most disturbing. Namely the number on the AT&T records, which *appears* to be Acorn's phone number, is in fact an AT&T internal systems number only.") Notably, this statement is found in a letter *from* Acorn's lawyers to Davis's lawyer.

4

motions to dismiss. Instead, Acorn elected to initiate a costly joint operation investigating the claims.

Accordingly, the Court **DENIES IN PART** the motion and will not award Acorn attorney fees.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for attorney fees and costs. The Court **ORDERS** Davis to pay Acorn Stairlifts its court costs in the amount of $485.45.

**IT IS SO ORDERED** this 1st day of June, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE